IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXINE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 04 C 8021 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| ILLINOIS COMMERCE COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Maxine Johnson has sued the Illinois Commerce Commission ("ICC") for consumer fraud, corporate misconduct, malicious conspiracy to defraud, and violation of the Illinois Public Utilities Act, 220 ILL. COMP. STAT. 5/1-101 *et seq.*, Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The ICC has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[1] For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion and terminates this case.

### Facts

Maxine Johnson is a resident of Cook County in Illinois. (Compl. at 3.) As a customer of Peoples Gas Light and Coke Company ("Peoples"), Ms. Johnson alleges that

---

[1] Although the ICC has also moved pursuant to Rule 12(b)(2), the actual pleading only addresses lack of subject matter jurisdiction under Rule 12(b)(1). Because the Court has granted the Rule 12(b)(1) motion, however, it need not address Rule 12(b)(2).

since June 2001, Peoples created fictitious debt in order to acquire excess payments and late fees from her. (*Id.* at 1.) She alleges she suffered extreme stress and humiliation due to Peoples' overcharges by using inflated gas meter readings and threats to terminate her gas service. (*Id.*)

On July 2, 2002, Ms. Johnson initially filed an informal complaint with the ICC due to a consumer account dispute with Peoples. (Pl.'s Resp. at 2.) This complaint was filed formally with the ICC on October 21, 2002. (*Id.*) On December 2, 2003, pursuant to the Illinois Public Utilities Act, 220 ILL. COMP. STAT. 5/1-101, and ICC rules of practice, a trial was held before the ICC's administrative law judge. (Pl.'s Ex. 57 at 2.) September 2, 2004, the administrative law judge issued an order recommending that the ICC deny the complaint. (*Id.* at 1.) Ms. Johnson filed exceptions to the proposed order on October 1, 2004. (*Id.* at 3.) On November 10, 2004, the ICC adopted the administrative law judge's recommendations and entered a final order denying Ms. Johnson's complaint and dismissing it with prejudice. (Mot. Dismiss at 4.) Ms. Johnson's petition for a rehearing of the ICC's decision was denied on December 7, 2004. (*Id.* at 5.) She now brings her complaint to this Court seeking damages, punitive damages, costs and fees and "any other relief deemed appropriate and just." (Compl. at 2.)

## DISCUSSION

A Rule 12(b)(1) motion to dismiss can either be a facial or a factual attack on the plaintiff's complaint. *Abbott Labs. v. Baxter Healthcare Corp.*, No. 04 C 836, 2004 WL 1878291, at *2 (N.D. Ill. Aug. 16, 2004). A facial attack is based upon the sufficiency of

the allegations in the complaint, but a factual attack is based upon the truth of the plaintiff's jurisdictional allegations. *Id.* When there is a facial attack, as in this case, the allegations are accepted as true and all reasonable inferences are made in the plaintiff's favor. *See Lee v. Union Pac. R. Co.*, No. 02 C 1549, 2004 WL 2937385, at *2 (N.D. Ill. May 24, 2004). A *pro se* litigant is entitled to a liberal reading of her complaint. *See Moore v. Ill. State Police*, No. 01 C 7231, 2001 WL 1636920, at *3 (N.D. Ill. Dec. 20, 2001).

In its Rule 12(b)(1) motion to dismiss, the ICC argues that Ms. Johnson's complaint should be dismissed because the Eleventh Amendment bars it. Generally, suit for monetary damages against a state agency is barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Numerous courts have defined the ICC as a state agency. *See Arsberry v. Illinois*, 244 F.3d 558, 561 (7th Cir. 2001); *Robbins Resource Recovery Partners, L.P. v. Edgar*, 947 F. Supp. 1205, 1208 (N.D. Ill. 1996).

There are three exceptions to immunity afforded by the Eleventh Amendment. The first exception applies when a state unequivocally waives sovereign immunity. *MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000). A second possible exception applies when Congress abrogates the states' sovereign immunity by its exercise of power under the Fourteenth Amendment. *Id.* The third exception is the *Ex Parte Young* doctrine and applies to suits against individual state officials in which the plaintiff seeks prospective relief to enjoin ongoing violations of federal law or constitutional law. *Id.*; *see generally Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

None of the three exceptions applies here. First, Illinois has not waived its

3

immunity with regard to any of plaintiff's causes of action. 745 ILL. COMP. STAT. 5/1 (stating in pertinent part that "the State of Illinois shall not be made a defendant or party in any court"); *Seidel v. Greenwalt*, No. 93 C 20132, 1993 WL 393069, at *3 (N.D. Ill. May 18, 1993). Second, Congress has not abrogated the state's immunity from RICO claims and FDCPA claims. *See* 18 U.S.C. §§ 1961-62, 1964; *Bair v. Krug*, 853 F.2d 672, 674-75 (9th Cir. 1988) (RICO); *McMaster v. Minnesota*, 819 F. Supp. 1429, 1434 (D. Minn. 1993), *aff'd*, 30 F.3d 976 (8th Cir. 1994) (RICO); *Sorrell v. Ill. Student Assistance Comm'n*, 314 F. Supp. 2d 813, 816-17 (C.D. Ill. 2004) (FDCPA). Third, the *Ex Parte Young* doctrine does not apply because plaintiff has sued an agency. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269-70 (1997); *Papasan v. Allain*, 478 U.S. 265, 277 (1986); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). The ICC, therefore, is entitled to immunity from plaintiff's suit for damages under the Eleventh Amendment. *See, e.g., Mitchell v. Peoples Gas, Light & Coke, Co.*, No. 97 C 2294, 1997 WL 361099, at *1 (N.D. Ill. Jun. 20, 1997).

As a side note, although plaintiff argues that the ICC's motion to dismiss is untimely, the Court disagrees. Rule 12 provides in pertinent part that "a defendant shall serve an answer . . . within 20 days after being served with the summons and complaint . . . ." FED. R. CIV. P. 12(a)(1)(A). In this case, after the Court granted plaintiff's *in forma pauperis* application, the U.S. Marshals served the ICC on January 6, 2004. Thus, ICC had until January 26, 2004 to answer or otherwise plead to the complaint. Defendant moved to dismiss on January 24, 2004. Thus, ICC's pleading was timely filed.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction [doc. no. 8-1]. This case is hereby terminated.

**SO ORDERED.**     **ENTERED:** JUL - 1 2005

**RONALD A. GUZMAN**
**U.S. District Judge**